WILLIAM A. TIBBITS, Plaintiff, *v.* THE CITY OF UTICA and Another, Defendants.

Supreme Court, Oneida County, January 12, 1931.

*L. L. Arthur*, for the plaintiff.

*J. Herbert Gilroy, Corporation Counsel* [*Horace Freedman* of counsel], for the defendants.

DOWLING, J. In 1926 the city of Utica, by appropriate proceedings, determined to widen and repave Park avenue between Oneida square and Eagle street. Plaintiff then and since has owned the premises Nos. 1207 and 1209, fronting on the easterly side of said street. On November 18, 1927, the city engineer, as provided by section 17 of chapter 658 of the Laws of 1923, duly certified to the board of contract and supply the total expense of the project, including construction, engineering, inspection, advertising *and interest on certificates of indebtedness*, to be $17,058.17, of which amount the city assumed $10,378.82, leaving only $6,679.35 to be apportioned among and assessed to the property owners affected.

The board of assessors of the city duly apportioned the expense to the property owners and assessed them their proportionate share thereof.

In December, 1927, or January, 1928, the board of assessors, on due notice to all interested persons, held a meeting at the common council chambers to hear and determine complaints in respect to the proposed assessment. Plaintiff and other property owners attended the meeting and presented written objections to certain items carried into the expense of said improvement, including the *item of five per cent interest for one year* upon the total cost of said improvement. The objections were promptly overruled and the assessments sustained as levied. Plaintiff took no further proceedings in the matter. The item of interest amounted to $793.85. Plaintiff's proportion of the cost of said improvement as assessed, including interest, amounted to $164.77 on each of said parcels, a total of $329.77.

On February 20, 1928, the city treasurer presented tax bills to the plaintiff totaling $329.54, which bills contained the following notice: " *This assessment will remain in my hands thirty days from date, during which time it can be paid without further expense.*" Plaintiff did not pay said assessment within said thirty days.

On April 18, 1928, defendant Redmond reported to the common council of the city of Utica the unpaid balance on local assessments for paving, sewers and sidewalks, totaling $271,812.21, one of the items forming said total being for said Park avenue improvement in the amount of $6,919.15. On said date the common council, by ordinances, authorized local improvement bonds, to be known as deferred assessment bonds, to be issued as provided by law in the sum of $271,812.21, such bonds to be dated May 15, 1928, with interest at five per cent per annum, payable annually on the fifteenth day of May, at the office of the city treasurer of Utica, N. Y., and the principal to be paid as follows: $46,812.21 on the 15th day of May, 1929, and $45,000 on the fifteenth day of May of each and every year thereafter until the whole principal sum shall be paid. The mayor and the city treasurer were authorized and directed to execute, and the comptroller to countersign, said bonds, in one series, under the corporate seal of the city, and the comptroller was authorized to sell said bonds for not less than par and accrued interest. Said bonds were issued and were sold May 18, 1928.

On November 3, 1928, plaintiff tendered to defendant Redmond $329.54 in payment of said assessment, who refused to accept said payment on the grounds that plaintiff had failed to pay same within thirty days as required by section 2 of article 5 of chapter 658 of the Laws of 1923; that plaintiff's share of the cost of said improvement had been carried into a deferred assessment bond issue; that additional expense had accrued on that account, and that acceptance of said assessment might affect the validity of the bonds issued and sold to cover the same.

On February 20, 1929, defendant Redmond presented to plaintiff tax bills for $184.53 each, totaling $369.08, being the amount of said original assessment, plus $39.54, accrued interest, and there was stamped upon said bills the following notice:

" *Final Notice. All taxes and assessments not paid on or before April 30th will be advertised and sold in the annual tax sale in May.*
" *THOMAS G. REDMOND,*
" *City Treasurer.*"

Plaintiff refused to and did not pay said bills. On May 1, 1929, defendant Redmond began publication of notice of sale of the plaintiff's property as provided by law.

On May 25, 1929, plaintiff instituted this action for a judgment compelling the defendant Redmond to accept the sum of $329.54 in full payment of said assessments, and that he be permanently enjoined and restrained from offering plaintiff's said property for sale and from selling the same, claiming that, in view of the fact that one year's interest at five per cent had been added to the cost of the improvement and assessed to the property owners, they had until November 4, 1928, in which to pay the said tax.

On May 5, 1929, Hon. F. H. HAZARD, Oneida county judge, issued a temporary restraining order restraining the defendants from selling plaintiff's property or from advertising the same for sale during the pendency of this action.

Defendants interposed answers, in substance denying that plaintiff had until November 3, 1928, in which to pay the assessments of February 20, 1928, amounting to $329.54, and alleging that when plaintiff failed to pay said assessment by March 20, 1928, it was thereafter, and on May 15, 1928, carried into deferred assessment bonds and became payable in six annual installments; that plaintiff having failed to institute certiorari proceedings, or an action, within thirty days after the hearing before the board of assessors, is now barred from maintaining this action.

In his written brief submitted herein plaintiff says, " *plaintiff's whole and sole contention is that the city of Utica had no right by any such bond issue or otherwise to prevent plaintiff from meeting his full obligation for his share of such assessment, by paying his said assessment which included interest to November 4, 1928, at any time up to said date of November 4, 1928.*"

Plaintiff questions not the validity of the assessment, seeks not to review it, asks not to have it set aside. Therefore, his failure to institute an action or a certiorari proceeding is immaterial, the sole question involved being as to whether or not the inclusion of one year's interest upon the cost of the improvement on November 18, 1927, by the engineer extended the plaintiff's time in which to pay the assessment to a year from that date.

Section 17 of article 7 of chapter 658 of the Laws of 1923 provides as follows: " *Certification of expense. The city engineer shall certify to the board of contract and supply the construction cost or the total expense, as the case may be, of all public improvements authorized by the common council, and for which plans have been prepared by him. In case the work shall be grading, macadamizing, paving, repairing, surfacing or resurfacing, or the construction of curbs or gutters, whether with or without crosswalks, sidewalks, drains or sewers, at one operation, in any street, lane, alley or public place, the city engineer shall certify to the board of contract and supply*

*the total expense thereof, including the expense of construction, engineering, inspection, advertising, and the interest on certificates of indebtedness or local improvement certificates issued to provide for partial payments to contractors during the progress of the work."*

By statute the item of interest is considered part of the expense of the improvement. There is no statutory provision to the effect that payment of an assessment, arising out of a public improvement, cannot be enforced until the expiration of the period for which interest has been charged. In the absence of such a provision, there is no basis for claiming such extension of time. The only extension of time for payment of an assessment is the *one month* allowed by the statute (Laws of 1923, chap. 658, art. V, § 3.)

The city treasurer is directed to collect taxes assessed for public improvements in the same manner as in the collection of city taxes, and the provisions for sale of lands for non-payment of taxes and assessments for public improvements shall apply to any such assessment lists.

The plaintiff having stood by and having permitted the city to issue said improvement bonds, assured the would-be purchaser of said bonds that he was not in danger of being subjected to litigation in the event of purchase, and for that reason the bonds, undoubtedly, sold at a higher price than they would have sold had there been any uncertainty about their validity. If plaintiff had desired to raise the question as to whether or not the inclusion of interest extended his time to pay said tax, he should have taken action before the issuing of said bonds. His failure to take such action bars him from raising the question now. (*N. Y. C. & H. R. R. R. Co.* v. *City of Yonkers*, 238 N. Y. 165, 175, 179.)

It is difficult for the city to determine within what time any given improvement will be completed. Having this in mind, the Legislature empowered the city engineer, in order that the city might finance such improvements, to include, as part of the cost of construction, interest on certificates of indebtedness, or local improvement certificates, issued to provide for partial payments to contractors during the progress of the work. In this particular instance the city engineer estimated that the city would be obligated to pay interest on the outstanding certificates issued pursuant to section 37 of article VII of chapter 658 of the Laws of 1923 for one year. It so happened that the city was able to float a bond issue and retire the certificates about six months earlier than the time anticipated by the engineer. The statute provides for no rebate to the taxpayer under such circumstances, nor does it provide that, if the city underestimates the time, it can assess the taxpayer for any

additional interest that the city may be compelled to pay. The city comptroller testified that, on the average, the city lost money, as the time required to retire certificates was usually in excess of one year and rarely under that time.

Under the limited issues presented herein, plaintiff has failed to establish a cause of action against the defendants. The complaint is, therefore, dismissed upon the merits, with costs.

Findings and judgment accordingly.